UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NATHANIEL GAINER,

    Plaintiff,

-against-

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.

**COMPLAINT**

NOW COMES Plaintiff, Nathaniel Gainer ("Plaintiff"), by and through his attorneys, and for his Complaint against Defendant, GC Services Limited Partnership ("Defendant"), alleges as follows:

Nature of the Action

1.    This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

Parties

2.    Plaintiff is a natural person residing in Mizpah, Atlantic County, New Jersey.

3.    Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4.    Defendant is a business entity with an office located at 6330 Gulfton, Houston, Texas 77081.

5.    Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Defendant conducts business in the State of New Jersey establishing personal jurisdiction.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Factual Allegations

10. Prior to filing this lawsuit, Defendant was assigned an account, with account number ending 1763, by a third party to collect monies from Plaintiff that were alleged to be past due ("debt").

11. Upon information and belief, the alleged debt that Defendant is attempting to collect is from a credit card with Chase Bank USA, N.A. and arises from transactions which were for personal, family and household purposes.

12. In its attempts to collect the alleged debt, Defendant sent Plaintiff written correspondence and placed telephone calls ("collection calls") to him at his place of residence, telephone number (609) 476-39xx.

13. In or around September of 2013, Defendant placed a collection call to Plaintiff that he was unable to answer.

14. Plaintiff has an answering machine at his place of residence which allows callers to leave him a message when he is unable to answer the call.

15. Accordingly, Defendant left a message for Plaintiff on his answering machine when he did not answer its collection call in September of 2013. *See* transcribed message, attached hereto as Exhibit A.

16. In the message, Defendant's employee, a female, stated her personal name, or an alias, and instructed Plaintiff to return the call to (866) 391-0768, extension 5077, which is a number assigned to Defendant and/or its employees. *See* Exhibit A.

17. Defendant's employee did not identify Defendant's business or company name in the message. *See* Exhibit A.

18. Defendant's employee also did not inform Plaintiff that she, or Defendant, were debt collectors. *See* Exhibit A.

19. Defendant has left additional messages for Plaintiff which were nearly identical to the aforementioned message and also failed to identify Defendant's business or company name, and/or failed to identify that Defendant and/or its employees were debt collectors.

20. Defendant withholds that the true purpose and nature of its calls is to attempt to collect a debt from Plaintiff. *See* Exhibits A.

21. Defendant uses false, deceptive and misleading representations in connection with its attempts to collect the alleged debt by not disclosing the identity of its company or that the purpose of its phone call is related to the collection of a debt in an attempt to deceive Plaintiff.

## CLAIM FOR RELIEF

22. Defendant's violations of the FDCPA include, but are not limited to, the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff;

    b. Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity to Plaintiff in its message;

    c. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt; and

    d. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its written communication that it is a debt collector

23. Plaintiff is entitled to her attorney's fees and costs incurred in this action.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

(2) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(3) Awarding such other and further relief as may be just, proper and equitable.

Dated:      February 11, 2014      RESPECTFULLY SUBMITTED,

                                      By: /s/ Dennis Kurtz
                                      Dennis Kurtz
                                      Attorney for Plaintiff